STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-03-167

STATE OF MAINE

v.

JASON URQUHART,

Defendant

DECISION ON MOTIONS
TO SUPPRESS

SEP 8 2003

This matter comes before the court on the defendant's motions to suppress evidence including marijuana seized from a vehicle and statements made by the defendant to a law enforcement officer. The motions will be discussed separately below.

## Facts

In early 2003, Samantha St. Pierre was purchasing a car on an installment plan from Gerry's Used Cars. After Ms. St. Pierre had fallen behind in her payments, Todd Shorey and Jeffrey Worchester repossessed the vehicle using a spare key. Neither Shorey nor Worchester is a law enforcement official or state agent. Upon returning to Gerry's car lot, Shorey began an inventory of personal property required by statute[1]. When Shorey opened the trunk, he saw two boxes and detected a strong smell of marijuana. Shorey then called Worchester over to check the situation.. The boxes were sealed with tape and Shorey peeled back part of the tape on one box, looked in, and saw baggies containing what appeared to be marijuana. At this point, Shorey called the Oakland Police Department.

---

[1] 32 M.R.S.A. § 11017(2) provides "A debt collector shall inventory any unsecured property taken with repossessed collateral and immediately notify the consumer that the property will be made available in a manner convenient to the consumer."

Reserve Police Sergeant Gerry Haynes responded to the call and learned about the suspected marijuana in the St. Pierre vehicle. Using a key provided by the owner of the car lot, Haynes opened the trunk and he also noticed the strong smell of marijuana. The cover of one of the boxes was open enough that Haynes was able to see some leafy material inside. He opened the box further to confirm what he was seeing, and then opened the second box. Haynes and Officer Richards removed the boxes and placed them in one of the police cruisers.

Ms. St. Pierre and her boyfriend, defendant Urquhart, had called Gerry's Used Cars even before the inventory was begun in an effort to try to get the vehicle back. The law enforcement officers stayed out of sight when the defendant arrived and watched as Urquart opened the trunk to look inside. At this point, Detective Stubbert approached the defendant, Ms. Pierre and a third person, identified himself as a police officer, and ordered them to step back and place their hands on the car. Stubbert then asked, "Do you know why I'm arresting you?", to which Urquhart answered, "She doesn't know anything about this. It's all mine." Urquhart was then arrested and transported to the Oakland Police Department. No questioning or discussion took place during the transport to the station.

When the party arrived at the police station, Detective Stubbert informed Urquhart of his *Miranda* rights, reading all five questions from the *Miranda* card, which Urquhart signed. Urquhart waived his right to counsel initially and made statements to the effect that the marijuana was entirely his and that Ms. St. Pierre had nothing to do with it.

The defendant seeks to suppress the marijuana discovered in the trunk of the vehicle and the statements which he made to Detective Stubbert.

2

Discussion

The defendant has filed motions to suppress both evidence seized as a result of a search of the boxes found in the trunk of the car and from a search of the defendant's person, and a motion to suppress statements made by the defendant both at the scene and subsequently at the police station. These motions will be discussed separately below.

## I.    Suppression of Evidence.

At hearing, the court asked counsel questions concerning the status of a repossessed vehicle and the standing of the defendant, who was not the owner of the vehicle, to challenge the search. Counsel have been very helpful to the court in subsequent written submissions on these points, but the court ultimately agrees with the defendant that the focus should be on the boxes themselves rather than the car.

Testimony by Mr. Shorey establishes that he and Mr. Worchester were directed by their manager to repossess the St. Pierre vehicle because Ms. St. Pierre was behind in payments. Absent any evidence to the contrary, the court assumes that the used car dealer did provide Ms. St. Pierre with the necessary notice and that the repossession was in accord with all civil law. However, as the defendant points out, this does not answer the question of whether the police may seize without a warrant property located within a repossessed vehicle.

The question of the constitutionality of seizure of the boxes containing the alleged marijuana requires analysis of the facts. First, at no time was either Mr. Shorey or Mr. Worchester a law enforcement officer or agent of the State. These gentlemen were employed by a private dealer to repossess vehicles and the inventory of personal effects in those vehicles which led to the boxes in the trunk is required by civil, not criminal statute. Second, when Shorey opened the trunk and immediately detected a

3

strong smell of marijuana, a smell of which Shorey was aware, Shorey called Worchester to confirm the observation and Worchester testified he could smell the marijuana without opening the boxes. Shorey then tore the tape off of one of the boxes and looked in, where he saw what appeared to be marijuana contained in baggies. The gentlemen then called law enforcement officials, as they should have.

Third, when Sergeant Haynes arrived at the car lot, he was simply handed a key by the owner and directed to the St. Pierre vehicle. Haynes was clearly justified in believing that he was being given the authority and means to check the contents of the trunk by a person with valid possession of the vehicle. It is unclear from the evidence to whom the vehicle was titled at that point, but the quality of the possession of the vehicle was sufficient to support opening the trunk. This entry could be characterized as a consent search, but in reality it was law enforcement officials following up a report from a civilian of the presence of possible contraband, in other words, not a search at all.

Fourth, defendant's primary argument – that the warrantless seizure of the boxes was unconstitutional – misconstrues the totality of the circumstances. If Mr. Shorey had placed his call to the police based solely on the odor of marijuana without opening the box, and if the smell was the only confirmation for Sergeant Haynes, a stronger argument could be made that the boxes should have been held, unopened, until a warrant could be obtained. However, Shorey did open the box and tore the tape holding the cover closed. When Sergeant Haynes opened the trunk, in addition to the strong smell of marijuana, the cover of the box had remained open sufficient to allow Haynes to see in and observe the contents. He then opened the box further to confirm what he was seeing. The court agrees with the State that under these circumstances, once Haynes opened the trunk, the marijuana was in plain view in terms of his senses

4

of sight and smell sufficient to make it immediately apparent that the contents were contraband. The State has met the requirements set forth in *State v. Dignoti*, 682 A.2d 666, 671 (Me. 1996), and the seizure was constitutionally valid.

With regard to any evidence seized from the defendant's person during his arrest, the defendant has not pressed this argument. In any event, the argument turned on whether the warrantless seizure of the contraband found in the boxes was constitutional, and the court concludes that it was as noted above.

## II. Motion to Suppress Statements.

One of the statements sought to be suppressed was made by the defendant at the scene of the seizure of the alleged marijuana. The statement was made in response to a question by Detective Stubbert after the defendant and others had been ordered to step back and place their hands on the car. No *Miranda* warnings had been given at this point. The Detective asked the defendant if he knew why he was being arrested. The answer to this question clearly had the potential of self-incrimination in response to unwarned law enforcement questioning. At hearing, the State conceded that this statement should be suppressed.

Other statements were made by the defendant after his arrival at the police station about 15 minutes after his arrest. Before these statements, Detective Stubbert informed the defendant of his *Miranda* rights using a preprinted card. Stubbert read all five questions and the defendant responded that he understood these rights. The defendant then signed the card and formally waived his right to counsel, though he subsequently reasserted that right. The question is whether the prewarning question and answer has so tainted the post-warning statements that they also should be excluded. The governing law is set forth in *State v. Hewes*, 558 A.2d 696 (Me. 1989).

5

After reviewing all of the circumstances, the court makes the following findings. The State has demonstrated by a preponderance of the evidence that the *Miranda* warnings were properly given and that the defendant knowingly, intelligently and voluntarily waived those rights, at least with respect to statements made prior to his request to make no further statements until he could consult with an attorney. His assertion of his right confirms his prior understanding. At the time that the defendant made his unwarned statement at the scene of the seizure, the defendant's response to the Detective's questions was voluntary in the sense there were no coercive or improper tactics that were being used. Finally, both the statement at the scene and the statement 15 minutes later at the police headquarters after the *Miranda*, were designed to try to protect the defendant's girlfriend from any consequences of the seizure of contraband and were voluntarily made with this object in mind. Defendant was described as being very cooperative in making these statements. The court concludes that the requirements set forth in *Hewes* have been met and the motion to suppress the post-*Miranda* warning statements will be denied.

For the reasons stated above, the entry will be

(1) Motion to suppress evidence is DENIED.
(2) Motion to suppress statements is GRANTED with regards to statements made by the defendant prior to receiving his *Miranda* warning and these statements may not be introduced in evidence in the State's case-in-chief. The motion to suppress statement is DENIED with regard to statements made after the *Miranda* warning.

Dated: August 11 , 2003

S. Kirk Studstrup
Justice, Superior Court

6

STATE OF MAINE
  vs
JASON A URQUHART
185 WATER STREET
AUGUSTA ME 04330

DOB: 03/31/1971
Attorney: LEONARD SHARON
         SHARON LEARY & DETROY
         90 MAIN ST
         PO BOX 3130
         AUBURN ME 04212-3130
         RETAINED 04/18/2003

Filing Document: INDICTMENT
Filing Date: 04/18/2003

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2003-00167

**DOCKET RECORD**

State's Attorney: EVERT FOWLE

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1    UNLAWFUL TRAFFICKING IN SCHEDULED DRUGS     03/04/2003 OAKLAND
     17-A   1103(1-A)(E)           Class C

## Docket Events:

04/22/2003 FILING DOCUMENT -  INDICTMENT FILED ON 04/18/2003

04/22/2003 TRANSFER -  BAIL AND PLEADING GRANTED ON 04/18/2003

         TRANSFER -  BAIL AND PLEADING REQUESTED ON 04/18/2003

04/22/2003 Charge(s): 1
         HEARING -  ARRAIGNMENT SCHEDULED FOR 04/25/2003 @ 9:00

         NOTICE TO PARTIES/COUNSEL
04/24/2003 Charge(s): 1
         HEARING -  ARRAIGNMENT HELD ON 04/24/2003
         DONALD H MARDEN , JUSTICE
         Attorney:  WALTER MCKEE
         DA:  ALAN KELLEY        Reporter: JANETTE COOK
         Defendant Present in Court

         READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO
         DEFENDANT.  21 DAYS TO FILE MOTIONS
04/24/2003 BAIL BOND -  $500.00 CASH BAIL BOND CONTINUED AS POSTED ON 04/24/2003

         DEFENDANT POSTED $500.00 IN DISTRICT COURT, ADDED CONDITION TO INCLUDE NO USE OR
         POSSESSION OF ALCOHOL OR DRUGS AND SHALL SUBMIT TO SEARCH AND TESTING.
05/02/2003 BAIL BOND -  $500.00 CASH BAIL BOND FILED ON 05/02/2003

         Bail Receipt Type: CR
         Bail Amt:  $500
                              Receipt Type: CK
         Date Bailed: 03/04/2003    Prvdr Name: JASON  URQUHART
                              Rtrn Name: JASON  URQUHART

## Conditions of Bail:

Refrain from possession or use of any unlawful drugs.

Submit to random search and testing for drugs upon reasonable suspicion of use or possession.
05/02/2003 TRANSFER -  BAIL AND PLEADING RECVD BY COURT ON 05/02/2003

RECEIVED FROM WATERVILLE DISTRICT COURT DOCKET NO; CR-03-435
05/19/2003 MOTION -  OTHER MOTION FILED BY DEFENDANT ON 05/19/2003

Attorney:  LEONARD SHARON
MOTION FOR ACCESS TO EVIDENCE. DEF REQUESTS HE BE PERMITTED TO HAVE HIS OWN EXPERT CONDUCT
INDEPENDANT TESTING.
05/19/2003 MOTION -  MOTION EXPERT WITNESS REPORT FILED BY DEFENDANT ON 05/19/2003

Attorney:  LEONARD SHARON
COPY OF OFFICER RICK STUBBERT'S INCIDENT REPORT WHICH IDENTIFIES THE SEIZED SUBSTANCE AS
APPROXIMATELY 16 POUNDS OF MARIJUANA.
05/19/2003 MOTION -  OTHER MOTION FILED BY DEFENDANT ON 05/19/2003

Attorney:  LEONARD SHARON
MOTION FOR PRESENCE OF CHEMIST AT TRIAL.
05/19/2003 MOTION -  MOTION TO SUPPRESS EVIDENCE FILED BY DEFENDANT ON 05/19/2003

Attorney:  LEONARD SHARON
SEARCH OF VEHICLE; SEARCH OF DEFENDANT
05/19/2003 MOTION -  MOTION TO SUPPRESS STATEMENT FILED BY DEFENDANT ON 05/19/2003

Attorney:  LEONARD SHARON
STATEMENTS AT THE SCENE; STATEMENTS AT THE STATION.
05/19/2003 HEARING -  OTHER MOTION SCHEDULED FOR 06/03/2003 @ 9:00

MOTION FOR ACCESS TO EVIDENCE.
05/19/2003 HEARING -  MOTION EXPERT WITNESS REPORT SCHEDULED FOR 06/03/2003 @ 9:00

05/19/2003 HEARING -  MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 06/03/2003 @ 9:00

NOTICE  TO PARTIES/COUNSEL
05/19/2003 HEARING -  MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 06/03/2003 @ 9:00

NOTICE  TO PARTIES/COUNSEL
06/03/2003 HEARING -  MOTION TO SUPPRESS STATEMENT CONTINUED ON 06/03/2003

06/03/2003 HEARING -  MOTION TO SUPPRESS EVIDENCE CONTINUED ON 06/03/2003

06/03/2003 HEARING -  MOTION EXPERT WITNESS REPORT CONTINUED ON 06/03/2003

06/03/2003 HEARING -  OTHER MOTION CONTINUED ON 06/03/2003

MOTION FOR ACCESS TO EVIDENCE.
06/17/2003 HEARING -  MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 07/08/2003 @ 9:00

NOTICE   TO PARTIES/COUNSEL
06/17/2003 HEARING -  MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 07/08/2003 @ 9:00

NOTICE   TO PARTIES/COUNSEL
06/17/2003 HEARING -  MOTION EXPERT WITNESS REPORT SCHEDULED FOR 07/08/2003 @ 9:00

06/17/2003 HEARING -  OTHER MOTION SCHEDULED FOR 07/08/2003 @ 9:00

MOTION FOR ACCESS TO EVIDENCE
07/16/2003 OTHER FILING -  MEMORANDUM OF LAW FILED ON 07/16/2003

07/17/2003 OTHER FILING -  MEMORANDUM OF LAW FILED ON 07/16/2003

08/13/2003 HEARING -  MOTION TO SUPPRESS EVIDENCE HELD ON 07/08/2003
          S KIRK STUDSTRUP , JUSTICE
          Attorney:  LEONARD SHARON
          DA:  ALAN KELLEY          Reporter: KIMBERLY MCCULLOCH
          Defendant Present in Court

          STATE WITNESSES: TODD SHOREY, JEFFREY WORCESTER, JERRY HAIGNES AND RICK STUBBERT
08/13/2003 HEARING -  MOTION TO SUPPRESS STATEMENT HELD ON 07/08/2003
          S KIRK STUDSTRUP , JUSTICE
          Attorney:  LEONARD SHARON
          DA:  ALAN KELLEY          Reporter: KIMBERLY MCCULLOCH
          Defendant Present in Court
08/13/2003 MOTION -  MOTION TO SUPPRESS STATEMENT GRANTED ON 08/13/2003
          S KIRK STUDSTRUP , JUSTICE
          COPY TO PARTIES/COUNSEL          GRANTED WITH REGARDS TO STATEMENTS MADE BY THE DEFENDANT
          PRIOR TO RECEIVING HIS MIRANDA WARNING AND THESE STATEMETNS MAY NOT BE INTRODUCED IN
          EVIDENCE IN THE STATE'S CASE-IN-CHIEF.
08/13/2003 MOTION -  MOTION TO SUPPRESS STATEMENT DENIED ON 08/13/2003
          S KIRK STUDSTRUP , JUSTICE
          COPY TO PARTIES/COUNSEL   DENIED WITH REGARD TO STATEMENTS MADE AFTER THE MIRANDA
          WARNING.
08/13/2003 MOTION -  MOTION TO SUPPRESS EVIDENCE DENIED ON 08/13/2003
          S KIRK STUDSTRUP , JUSTICE
          COPY TO PARTIES/COUNSEL
08/13/2003 HEARING -  OTHER MOTION NOT HELD ON 07/08/2003

          MOTION FOR ACCESS TO EVIDENCE
08/13/2003 HEARING -  MOTION EXPERT WITNESS REPORT NOT HELD ON 07/08/2003

08/13/2003 ORDER -  COURT ORDER ENTERED ON 08/13/2003
          S KIRK STUDSTRUP , JUSTICE
          DECISION ON MOTIONS TO SUPPRESS

## Exhibits
07/08/2003  STATE#1, Exhibit#1, STATEMENT OF SGT. HAYNES, Marked on 07/08/2003.
07/08/2003  STATE, Exhibit#2, MIRANDA SHEET, Marked on 07/08/2003.

A TRUE COPY
ATTEST: _____
                        Clerk